Steven R. Yee (SBN 155671)
sry@yeelaw.com
Karlfeldt Su (SBN 270180)
ks@yeelaw.com
William G. Sorkin (SBN 317652)
wgs@yeelaw.com
YEE & ASSOCIATES
3452 East Foothill Blvd, Suite 1000
Pasadena, California 91107-6033
Telephone: (626) 449-8000

Attorneys for Defendant
KATHERINE COHAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| VASUMATHI VIJAYRAGHAVEN, aka Vasu Vijayraghavan<br><br>Plaintiff,<br><br>v.<br><br>RIVERSIDE COUNTY DISTRICT ATTORNEYS' OFFICE; RIVERSIDE SHERIFFS DEPARTMENT; MICHAEL A. HESTRIN, DA, individually; JOSEPH A. HERNANDEZ, DDA, individually; HEATHER D. FERRIS, DDA, individually; KATHERINE COHAN; DEPUTY ORRIS, individually And Does 1 through 100;<br><br>Defendants. | CASE NO.  5:23-00683-SSS-DTBx<br><br>**DEFENDANT KATHERINE COHAN'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF VASUMATHI VIJAYRAGHAVEN'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULES 12(c) AND 12(b)(1)**<br><br>Date:     March 22, 2024<br>Time:    2:00 p.m.<br>Dept.:    2<br><br>[Filed Concurrently With Declaration of William Sorkin] |

**TO THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE THAT** on March 22, 2024 at 2:00 p.m. or as soon thereafter as this matter may be heard in Department "2" of the above-entitled Court located at 3470 Twelfth Street, Riverside, California 92501, defendant KATHERINE COHAN (hereinafter "defendant") will and hereby does move,

1

pursuant to Federal Rules of Civil Procedure (hereinafter "FRCP"), Rules 12(c) and 12(b)(1) for judgment on the pleadings as to plaintiff VASUMATHI VIJAYRAGHAVEN's (hereinafter "plaintiff") first amended complaint (hereinafter "FAC") and her purported counts therein for defamation per se, intentional infliction of emotional distress, wrongful arrest, gross negligence, forgery, conspiracy to commit forgery, fraud, conspiracy to commit fraud, intentional interference with prospective business advantage, violation of California Business & Professions Code §6067, and civil extortion (hereinafter "motion").

This motion is based on the fact that plaintiff cannot <u>as a matter of law</u> meet her burden of establishing that she has sufficiently pled any of her purported counts against defendant.

This motion is made after the telephonic conference between plaintiff and defendant's counsel pursuant to Local Rule 7-3, which took place on February 9, 2024.  Declaration of William G. Sorkin filed herewith, ¶3 and Exhibit "A."

This motion is further based upon this notice of motion, the attached memorandum of points and authorities, the declaration of William G. Sorkin filed concurrently herewith, all documents and matters which this Court can take judicial notice of, all pleadings and documents in this action, and upon such argument, evidence, and documents as may be presented before or at the hearing on this motion.

DATE: February 23, 2024                         YEE & ASSOCIATES

                                                By: _____
                                                STEVEN R. YEE
                                                Attorneys for Defendant **KATHERINE COHAN**

2

DEFENDANT KATHERINE COHAN'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF VASUMATHI VIJAYRAGHAVEN'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULES 12(c) and 12(b)(1)

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES……………………………..6

    I.    INTRODUCTION AND FACTUAL BACKGROUND……………..6

    II.    STANDARDS APPLICABLE TO AN FRCP, RULE 12(c) MOTION……………………………………………………………...7

    III.    PLAINTIFF CANNOT SUE DEFENDANT FOR WRONGFUL ARREST……………………………………………………………...8

    IV.    PLAINTIFF CANNOT MAINTAIN HER COUNT FOR VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §6067 BECAUSE IT DOES NOT PROVIDE THE RIGHT TO A PRIVATE ACTION……………………………………………..8

    V.    PLAINTIFF CANNOT MAINTAIN PURPORTED COUNTS FOR WRONGFUL ARREST, DEFAMATION PER SE, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, GROSS NEGLIGENCE, OR INTENTIONAL INTERFERENCE WITH A PROSPECTIVE ECONOMIC ADVANTAGE BECAUSE THE EXHIBITS TO PLAINTIFF'S FAC UNEQUIVOCALLY ESTABLISH THAT DEFENDANT WAS NOT RESPONSIBLE AT ALL FOR PLAINTIFF BEING ARRESTED………………………..9

    VI.    PLAINTIFF CANNOT MEET HER BURDEN ON HER PURPORTED COUNTS FOR FORGERY, CONSPIRACY TO COMMIT FORGERY, FRAUD, CONSPIRACY TO COMMIT FRAUD, AND CIVIL EXTORTION BECAUSE THIS COURT DOES NOT HAVE JURISDICTION TO HEAR THEM……………………………………………………………….11

///
///

3

DEFENDANT KATHERINE COHAN'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO
PLAINTIFF VASUMATHI VIJAYRAGHAVEN'S FIRST AMENDED COMPLAINT PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE, RULES 12(c) and 12(b)(1)

VII. PLAINTIFF CANNOT MEET HER BURDEN ON HER PURPORTED COUNTS FOR FRAUD AND CONSPIRACY TO COMMIT FRAUD AGAINST DEFENDANT BECAUSE PLAINTIFF HAS FAILED TO PROPERLY PLEAD ALL OF THE ELEMENTS OF EITHER COUNT……………………………………12

VIII. PLAINTIFF CANNOT MEET HER BURDEN ON HER PURPORTED COUNTS FOR FORGERY AND CONSPIRACY TO COMMIT FORGERY BECAUSE THEY ARE NOT INDEPENDENT COUNTS……………………………………13

IX. REGARDLESS OF THE FACT THAT FORGERY IS NOT AN INDEPENDENT COUNT, PLAINTIFF'S PURPORTED COUNTS FOR FORGERY AND CONSPIRACY TO COMMIT FORGERY ARE INTERNALLY CONTRADICTORY AND ARE NOT PLAUSIBLY PLED……………………………………………14

X. PLAINTIFF'S PURPORTED COUNT FOR CIVIL EXTORTION FAILS BECAUSE PLAINTIFF DOES NOT HAVE STANDING TO BRING IT………………………………………………………..…15

XI. PLAINTIFF'S PURPORTED COUNT FOR CIVIL EXTORTION FAILS AS A MATTER OF LAW BECAUSE DEFENDANT'S ALLEGED CONDUCT IS COMPLETELY PROTECTED BY THE LITIGATION PRIVILEGE……………………………………...……15

XII. DEFENDANT HAS FULLY COMPLIED WITH THE MEET AND CONFER REQUIREMENT AND WAS UNABLE TO RESOLVE THESE MOTIONS WITH HER MEET AND CONFER…………..16

XIII. CONCLUSION……………………………………………………..16

///
///
///

4

DEFENDANT KATHERINE COHAN'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF VASUMATHI VIJAYRAGHAVEN'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULES 12(c) and 12(b)(1)

## TABLE OF AUHORITIES

Ashcroft v. Iqbal (2009) 556 U.S. 662, 678 (quoting Bell Atl. Corp. v. Twombly (2007) 550 U.S. 544, 570)……………………………………………………..7, 14

Bell Atl. Corp. v. Twombly (2007) 55 U.S. 554 570)………………………….7, 14

Cox v. Griffin (2019) 34 Cal.App.5th 440, 448………………………………..8, 10

Cummings v. Fire Ins. Exchange (1988) 202 Cal.App.3d 1407, 1422…………….8

Gregg v. Dep't of Public Safety (9th Cir. 2017) 870 F.3d 883……………………7

Henderson v. Shinseki (2011) 562 U.S. 428, 435…………………………………7

Hernandez v. Select Portfolio Servicing, Inc. (C.D. 2015) 2015 U.S. Dist. LEXIS 82922, at *24………………………………………………………………….14

Kraif v. Guez (C.D. 2010) U.S. Dist. LEXIS 156585, *5…………………….13

Malin v. Singer (2013) 217 Cal.App.4th 1283, 1299………………………….15

Peters v. Bigelow (1934) 137 Cal.App.135, 139……………………………...8

Petersen v. Browne (Northern District of California 2013) 2013 WL 211136……...9

S. Union Co. v. Southwest Gas Corp. (D. Ariz. 2001) 165 F.Supp.2d 1010, 1020……………………………………………………………………….14

Service by Medallion, Inc. v. Clorox Co. (1996) 44 Cal.App.4th 1807, 1816……12

Silberg v. Anderson (1990) 50 Cal.3d 205, 212……………………………….15

Sprewell v. Golden State Warriors (9th Cir. 2001) 266 F.3d 979, 984…………..10

Vlasich v. Fishback (E.D. 2007) U.S. Dist. LEXIS 64892, *14………………..13

Weiland v. Palm Beach County Sheriff's Office (11th Cir. 2015) 792 F.3d 1313, 1321-1323……………………………………………………………….13

## STATUTES

California Business & Profession Code §6067………………………………..2, 8, 9

28 USC §1367(a)…………………………………………………………….11

Federal Rules of Civil Procedure Rule 12…………………………………….7

DEFENDANT KATHERINE COHAN'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF VASUMATHI VIJAYRAGHAVEN'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULES 12(c) and 12(b)(1)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff's FAC is an improper shotgun style pleading in which she alleges that a non-party, defendant, and numerous members of the Riverside Sheriff's Department and District Attorney's Office all somehow conspired against plaintiff in order to have her falsely arrested.

Plaintiff's relevant allegation against defendant is that defendant and her former client Alejandro Odeh-Lara purportedly conspired to forge a filing by plaintiff about an expert who had previously been retained by plaintiff and Mr. Odeh-Lara (<u>not</u> defendant). FAC, ¶161. Plaintiff sets forth absolutely no proper pleading about defendant was allegedly involved in this purported forgery, other than defendant's alleged statement that it was her belief that plaintiff filed the document herself. FAC, ¶159. This does not establish conspiracy to commit forgery.

Plaintiff falsely claims that defendant "complained to the DA's office a complaint that she knew to be false" which led to plaintiff's alleged wrongful arrest. FAC, ¶143. However, plaintiff has removed all factual allegations from the beginning of her FAC with regard to her allegation that defendant conspired with Odeh-Lara to have plaintiff arrested. <u>Compare</u> plaintiff's complaint on file herein, ¶47 with FAC on file herein, ¶¶53-57. Instead, the only possible reference to defendant in the "factual allegations" portion of the FAC which relate to plaintiff's arrest is the inclusion of "Odeh/Cohan" in paragraph 58. In purported support of this claim, plaintiff attaches the criminal complaint against her, the declaration in support of the arrest warrant, and the transcript for Mr. Odeh-Lara's interview. FAC, Exhibit "II". However, the only references to defendant in any of these documents are that plaintiff is accused of threatening great bodily harm to defendant, an allegation which was made by Mr. Odeh-Lara, **not** by defendant. FAC, Exhibit "II," Count 2 and FAC (Bates stamped 000246) (plaintiff's exhibits

6

DEFENDANT KATHERINE COHAN'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF VASUMATHI VIJAYRAGHAVEN'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULES 12(c) and 12(b)(1)

to her FAC are not consistently labeled). The declaration in support of the arrest warrant specifically states that the requesting officer, defendant Deputy Orris, **only** spoke with Mr. Odeh-Lara. FAC, Exhibit "6," form RI-CR040, pp. 1 and 2. Deputy Orris' declaration does **not** state that he had any communications with defendant or relied on defendant in any way.

Finally, plaintiff incredulously alleges that defendant is somehow responsible for a "felony alert" on plaintiff's State Bar Profile. Again, plaintiff alleges that this "felony alert" resulted from her incorrect claim that defendant allegedly filed a police report against her. FAC, ¶143. Plaintiff does not allege that this ever occurred.

## II. <u>STANDARDS APPLICABLE TO AN FRCP, RULE 12(c) MOTION</u>

A motion for judgment on the pleadings can be made at any time "[a]fter the pleadings are closed—but early enough not to delay trial. FRCP, Rule 12(c). A motion for judgment on the pleadings uses the standards as a FRCP Rule 12(b)(6) motion to dismiss. <u>Gregg v. Dep't of Public Safety</u> (9th Cir. 2017) 870 F.3d 883, 887.

In order to defeat a motion under either 12(b)(6) or 12(c), plaintiff must "plead 'enough facts to state a claim to relief that is plausible on its face.'" <u>Bell Atl. Corp. v. Twombly</u> (2007) 55 U.S. 554 570). The complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Ashcroft v. Iqbal</u> (2009) 556 U.S. 662, 678 (quoting <u>Twombly</u>, 550 U.S. at p. 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id</u>.

A motion to dismiss based on the Court lacking subject matter jurisdiction (Rule 12(b)(1)) can be raised at any time. <u>Henderson v. Shinseki</u> (2011) 562 U.S. 428, 435.

//

7

DEFENDANT KATHERINE COHAN'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF VASUMATHI VIJAYRAGHAVEN'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULES 12(c) and 12(b)(1)

### III. PLAINTIFF CANNOT SUE DEFENDANT FOR WRONGFUL ARREST

Wrongful arrest is actually the tort of false imprisonment. 5 Witkin, Summary of California Law, supra, Torts, §378, at pp. 463 and 464.

In order to establish her claim for false imprisonment, plaintiff must prove that defendant intentionally caused plaintiff to be wrongfully arrested. Peters v. Bigelow (1934) 137 Cal.App.135, 139. However, false imprisonment **only** applies if "the plaintiff is arrested pursuant to a procedurally improper warrant or warrantless arrest." Cummings v. Fire Ins. Exchange (1988) 202 Cal.App.3d 1407, 1422. If defendant "procur[ed] the prosecution of another under lawful process, but from malicious motives and without probable cause," the proper cause of action is malicious prosecution. Cox v. Griffin (2019) 34 Cal.App.5th 440, 448.

Plaintiff admits that there was a warrant for her arrest and noticeably does not allege that her arrest warrant was defective in any way. To the contrary, plaintiff pleads in her purported count for wrongful arrest that "[d]efendants caused plaintiff to be wrongfully arrested with no probable cause." FAC, ¶146.

Because plaintiff cannot sue defendant for wrongful arrest, this Court must grant defendant's motion to dismiss plaintiff's 11th count for wrongful arrest without leave to amend.

### IV. PLAINTIFF CANNOT MAINTAIN HER COUNT FOR VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §6067 BECAUSE IT DOES NOT PROVIDE THE RIGHT TO A PRIVATE ACTION

California Business & Professions Code §6067 provides as follows:

> "Every person on his admission shall take an oath to support the Constitution of the United States and the Constitution of the State of California, and faithfully to discharge the duties of any attorney at law to the best of

8

his knowledge and ability. A certificate of the oath shall be indorsed upon his license."

California Business & Profession Code §6067 does **not** provide for the right to a private cause of action. <u>Petersen v. Browne</u> (Northern District of California 2013) 2013 WL 211136 at p. 8. Accordingly, this Court must dismiss plaintiff's purported count for violation of California Business & Professions Code §6067 <u>without leave to amend</u>.

V. **PLAINTIFF CANNOT MAINTAIN PURPORTED COUNTS FOR WRONGFUL ARREST, DEFAMATION PER SE, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, GROSS NEGLIGENCE, OR INTENTIONAL INTERFERENCE WITH A PROSPECTIVE ECONOMIC ADVANTAGE BECAUSE THE EXHIBITS TO PLAINTIFF'S FAC UNEQUIVOCALLY ESTABLISH THAT DEFENDANT WAS NOT RESPONSIBLE AT ALL FOR PLAINTIFF BEING ARRESTED**

Plaintiff's purported counts for wrongful arrest, defamation per se, intentional infliction of emotional distress, gross negligence, and intentional interference with a prospective economic advantage against defendant all arise from her claim that defendant "knowingly complained to the DA's office a complaint that she knew to be false." FAC, ¶143. However, the declaration in support of the arrest warrant (Exhibit "II" to plaintiff's FAC) unequivocally establishes that the basis for plaintiff's arrest was a complaint that was made by someone else, **not** by defendant. Defendant Deputy Orris attests under penalty of perjury that the arrest warrant was based on the following:

> "I was dispatched to a call of a violation of a civil harassment order at 11063 Silver run, Moreno Valley, CA 92557. The reporting party (RP), **Alejandro Odeh Lara** told dispatch he was receiving physical mail from

9

>Vasumathi Vijayraghavan. Odeh-Lara told dispatch that he has a civil harassment order with Vasumathi as the restrained party and himself as the protected party . . ."

FAC, Exhibit "II," pp. 3-4. (Emphasis added).

Deputy Orris did **not** state that he ever spoke with or relied on any communications with defendant in determining whether to arrest plaintiff. Plaintiff does **not** plead in her FAC that the arrest warrant and charges against her were based on anything other than Deputy Orris' declaration. In addition, the transcript for the DA's office's interview of Mr. Odeh-Lara unequivocally establishes that defendant was **not** involved at all in the DA's office's decision to charge plaintiff. Since plaintiff's claims arise from her actual arrest, only conduct which contributed to her arrest is relevant. Cox v. Griffin (2019) 34 Cal.App.5th 440, 448. "The court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors (9th Cir. 2001) 266 F.3d 979, 984. Because plaintiff's conclusory claims that her arrest was based on statements by defendant are completely contradicted by the exhibits to **her** FAC, they must be completely disregarded by this Court. This Court must therefore grant defendant's motion to dismiss plaintiff's counts for defamation per se, intentional infliction of emotional distress, wrongful arrest, gross negligence, and interference with a prospective economic advantage <u>without leave to amend</u>.

///
///
///
///
///
///

10

DEFENDANT KATHERINE COHAN'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF VASUMATHI VIJAYRAGHAVEN'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULES 12(c) and 12(b)(1)

## VI. <u>PLAINTIFF CANNOT MEET HER BURDEN ON HER PURPORTED COUNTS FOR FORGERY, CONSPIRACY TO COMMIT FORGERY, FRAUD, CONSPIRACY TO COMMIT FRAUD, AND CIVIL EXTORTION BECAUSE THIS COURT DOES NOT HAVE JURISDICTION TO HEAR THEM</u>

Plaintiff does **not** assert any purported counts against defendant which are based on federal law. Each allegation against defendant is a state law claim for which plaintiff claims that this Court has supplemental jurisdiction. FAC, ¶1.

28 U.S.C. §1367(a) provides as follows:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that <u>**are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy**</u> under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
> (Emphasis added).

Plaintiff's counts for forgery, fraud, and civil extortion are completely unrelated to her claims arising from her purported wrongful arrest. Plaintiff alleges that she was arrested as a result of a text message that she sent to Mr. Odeh-Lara, which placed her in violation of Mr. Odeh-Lara's restraining order against her. FAC, ¶57. To the contrary, plaintiff's forgery and fraud allegations are based on her allegation that either Mr. Odeh-Lara or defendant "forged Plaintiff's signature on a fraudulent fax of September 14, 2020, and instead blamed Plaintiff for her own acts of forgery," FAC, ¶159.

11

DEFENDANT KATHERINE COHAN'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF VASUMATHI VIJAYRAGHAVEN'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULES 12(c) and 12(b)(1)

Plaintiff's purported count for civil extortion is based on defendant's settlement negotiations with the Bradburys in a California State civil action. FAC, ¶182.

Based on the allegations in plaintiff's FAC and the exhibits to it (in particular Exhibit "6"), these are entirely unrelated actions which do not form the same case or controversy. Plaintiff has improperly included her unrelated state law claims against defendant in this action. Setting aside plaintiff's improper incorporation of all of her allegations into each of her purported counts, plaintiff makes no attempt at all to disguise the fact that her forgery, fraud, and civil extortion counts are entirely unrelated to her federal wrongful arrest counts. Because this Court does not have jurisdiction over plaintiff's fraud, forgery, or civil extortion counts, this Court must dismiss these counts <u>without leave to amend</u>.

## VII. <u>PLAINTIFF CANNOT MEET HER BURDEN ON HER PURPORTED COUNTS FOR FRAUD AND CONSPIRACY TO COMMIT FRAUD AGAINST DEFENDANT BECAUSE PLAINTIFF HAS FAILED TO PROPERLY PLEAD ALL OF THE ELEMENTS OF EITHER COUNT</u>

"A complaint for fraud must allege the following elements: (1) a knowingly false representation by the defendant; (2) an intent to deceive or induce reliance; (3) justifiable reliance by the plaintiff; and (4) resulting damages." <u>Service by Medallion, Inc. v. Clorox Co.</u> (1996) 44 Cal.App.4th 1807, 1816.

Plaintiff's fraud allegation against defendant solely arises from her claim that either defendant or Mr. Odeh-Lara purportedly forged a document that was completely unrelated to plaintiff's arrest. FAC, ¶163. Plaintiff does **not** plead that she, let alone any other person, justifiably relied upon defendant's purported conduct. In fact, plaintiff specifically pleads that "it was evident" that the alleged fraudulent conduct was false, which means that no person, let alone plaintiff, could

12

DEFENDANT KATHERINE COHAN'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF VASUMATHI VIJAYRAGHAVEN'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULES 12(c) and 12(b)(1)

have justifiably relied on it. FAC, ¶34.

In addition, by failing to plead that any person justifiably relied upon defendant's purported conduct, plaintiff also fails to allege that she was damaged in any way by the purported fraud. To the extent that plaintiff claims that she that she suffered some alleged harm with regard to the purported fraud elsewhere in her FAC, it is an unclear and improper shotgun pleading. Weiland v. Palm Beach County Sheriff's Office (11th Cir. 2015) 792 F.3d 1313, 1321-1323.

Plaintiff's purported counts for fraud and conspiracy to commit fraud must thus be dismissed without leave to amend.

## VIII. PLAINTIFF CANNOT MEET HER BURDEN ON HER PURPORTED COUNTS FOR FORGERY AND CONSPIRACY TO COMMIT FORGERY BECAUSE THEY ARE NOT INDEPENDENT COUNTS

Plaintiff improperly asserts that two of her purported counts are for forgery and conspiracy to commit forgery. However, forgery is **not** an independent count. Vlasich v. Fishback (E.D. 2007) U.S. Dist. LEXIS 64892, *14. Instead, forgery is a theory for a separate cognizable claim. Kraif v. Guez (C.D. 2010) U.S. Dist. LEXIS 156585, *5.

The only purported counts that plaintiff's forgery claims could possibly fit into is her purported counts for fraud. However, as set forth herein, plaintiff has failed to properly plead fraud as a matter of law. This Court must accordingly dismiss plaintiff's purported counts for forgery and conspiracy to commit forgery without leave to amend.

///
///
///
///
///
///

13

DEFENDANT KATHERINE COHAN'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF VASUMATHI VIJAYRAGHAVEN'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULES 12(c) and 12(b)(1)

## IX. REGARDLESS OF THE FACT THAT FORGERY IS NOT AN INDEPENDENT COUNT, PLAINTIFF'S PURPORTED COUNTS FOR FORGERY AND CONSPIRACY TO COMMIT FORGERY ARE INTERNALLY CONTRADICTORY AND ARE NOT PLAUSIBLY PLED

Allegations in a complaint only comply with FRCP, Rule 8 when they "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal (2009) 556 U.S. 662, 678 (quoting Bell Atl. Corp. v. Twombly (2007) 550 U.S. 544, 570). (Internal quotations omitted).

A complaint is not plausible on its face when it contains contradictory allegations. Hernandez v. Select Portfolio Servicing, Inc. (C.D. 2015) 2015 U.S. Dist. LEXIS 82922, at *24.

Here, plaintiff claims that the forged document "bear[s] all of the modus operandi of Odeh." FAC, ¶34. Plaintiff also alleges that not only did Mr. Odeh-Lara commit the forgery, but defendant purportedly knew that Mr. Odeh-Lara committed the forgery. Id. Despite this, plaintiff alleges that "Cohan forged Plaintiff's signature on the fraudulent fax of September 14, 2020." FAC, ¶159. Plaintiff contradicts this new claim in her purported count for conspiracy to commit forgery by alleging that defendant "conspired with Odeh to [forge the September 14, 2020 fax]." FAC, ¶161.

Plaintiff attempts to disguise her contradictory pleadings by alleging that defendant was somehow purportedly involved in a conspiracy with Mr. Odeh-Lara. However, in order for conspiracy to be plausibly pled, plaintiff must plead "more than conclusory allegations of the conspiracy." S. Union Co. v. Southwest Gas Corp. (D. Ariz. 2001) 165 F.Supp.2d 1010, 1020 (which applied California civil conspiracy law). Because plaintiff's conspiracy allegations are completely conclusory and are not plausibility pled, plaintiff's counts for forgery and conspiracy to commit forgery must be dismissed.

14

## X. PLAINTIFF'S PURPORTED COUNT FOR CIVIL EXTORTION FAILS BECAUSE PLAINTIFF DOES NOT HAVE STANDING TO BRING IT

Plaintiff does **not** allege that defendant extorted her. Plaintiff also does **not** allege that she was harmed by defendant's alleged extortion. To the contrary, plaintiff alleges that "[i]n the present case, Defendant Cohan extorted a dismissal by the Bradburys under threat, duress, 'unleashing bulldog attorneys against them' and created fear by the Bradburys, ultimately leading to their dismissal of their case the very day they could have defaulted Cohan." FAC, ¶182. Because plaintiff is not the person who is allegedly being extorted or the person the alleged extortion is threatened to harm, plaintiff does not have standing to bring this count. Malin v. Singer (2013) 217 Cal.App.4th 1283, 1299. It must therefore be dismissed.

## XI. PLAINTIFF'S PURPORTED COUNT FOR CIVIL EXTORTION FAILS AS A MATTER OF LAW BECAUSE DEFENDANT'S ALLEGED CONDUCT IS COMPLETELY PROTECTED BY THE LITIGATION PRIVILEGE

The litigation privilege "applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Silberg v. Anderson (1990) 50 Cal.3d 205, 212. All of plaintiff's allegations in paragraphs 44, 45, 46, 180, 181, 182, and 183 in her FAC clearly "have some connection or logical relation to the action." In addition, a settlement demand only constitutes civil extortion when the conduct alleged is "so extreme in its demands that it constituted criminal extortion as a matter of law." Malin, supra, 217 Cal.App.4th at p. 1299. Threatening to file a malicious prosecution action (which can only be filed by a prevailing party) is **not** criminal extortion. Accordingly, plaintiff's purported count for civil extortion is completely

15

barred by the litigation privilege.

## XII. DEFENDANT HAS FULLY COMPLIED WITH THE MEET AND CONFER REQUIREMENT AND WAS UNABLE TO RESOLVE THESE MOTIONS WITH HER MEET AND CONFER

On February 9, 2024 counsel for defendant and plaintiff **telephonically** met and conferred and defendant's counsel explained in detail the grounds for this motion. Declaration of William G. Sorkin filed herewith, ¶3 and Exhibit "A." The parties were unable to resolve their dispute regarding plaintiff's FAC despite their telephonic meet and confer. Id. Defendant was thus forced to file this motion.

## XIII. CONCLUSION

Based on the foregoing, this Court must dismiss plaintiff's entire FAC with prejudice.

DATE: February 23, 2024           YEE & ASSOCIATES

By: _____
STEVEN R. YEE
Attorneys for Defendant **KATHERINE COHAN**

16

DEFENDANT KATHERINE COHAN'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF VASUMATHI VIJAYRAGHAVEN'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULES 12(c) and 12(b)(1)

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 3452 East Foothill Boulevard, Suite 1000, Pasadena, California 91107-6033.

On **February 23, 2024**, I served the foregoing document described as **DEFENDANT KATHERINE COHAN'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF VASUMATHI VIJAYRAGHAVEN'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULES 12(c) AND 12(b)(1)** on all interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as stated on the **ATTACHED SERVICE LIST**.

( ) **BY MAIL** as follows:
    ( ) **STATE** - I am "readily familiar" with Yee & Associates' practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Pasadena, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

    ( ) **FEDERAL** - I deposited such envelope in the U.S. Mail at Pasadena, California with postage thereon fully prepaid.

(X) **BY EMAIL OR ELECTRONIC TRANSMISSION** as follows: Based on an agreement between the parties and/or pursuant to California Rules of Court Rule 2.251(c)(3) and/or pursuant to Judicial Council Emergency Rule 12 contained within Appendix I of Emergency Rules related to COVID-19 and all other applicable law, I caused the document(s) to be sent from the email address cjm@yeelaw.com to the persons at the email addresses listed in the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

( ) **BY PERSONAL SERVICE** as follows: I caused a copy of such documents to be delivered by hand to the offices of the addressee between the hours of 9:00 a.m. and 5:00 p.m.

( ) **BY OVERNIGHT COURIER SERVICE** as follows: I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

( ) **BY FACSIMILE** as follows: I caused such documents to be transmitted to the telephone number of the addressee listed above, by use of facsimile machine telephone number (626) 449-8009. The facsimile machine used complied with California Rules of Court, Rule 2004 and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), a transmission record of the transmission was printed.

( ) **FOR REPLY OR OPPOSITION PAPERS:** The foregoing Reply or Opposition papers were also transmitted to the telephone number of the addressee listed above, by use of facsimile machine telephone number (626) 449-8009, consistent with the provisions of Cal. Civ. Proc. Code Sections 1010, 1011, 1012, and 1013, and said transmission was reasonably calculated to ensure delivery to all other interested parties to the within action not later than the close of the next business day after the date the foregoing Reply or Opposition papers were filed, pursuant to Cal. Civ. Proc. Code Section 1005(b). The facsimile machine used complied with California Rules of Court, Rule 2004, no error was reported by the machine, and a transmission record of the transmission was printed.

(X) **STATE** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

( ) **FEDERAL** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **February 23, 2024**, at Pasadena, California.

*/s/ Casey Muller-Bonnell*
Casey Muller-Bonnell

# SERVICE LIST
**Vasumathi Vijayraghavan v. Riverside County District Attorneys Office, et al.**
**United States District Court for the Central District of California**
**Civil Action No.: 5:23-CV-00683-SSS-KK**
**File No.: 1242-160**

| | |
|---|---|
| Vasumati Vijayraghavan<br>1968 S. Coast Highway #169<br>Laguna Beach, CA 92651<br>Office: (619) 517-4563<br>vvijay081@gmail.com<br><br>**PLAINTIFF IN PRO PER** | Douglas C. Smith, Esq.<br>John R. Byerly<br>Smith Law Offices, LLP<br>4001 Eleventh Street<br>Riverside, CA 92501<br>dsmith@smitlaw.com<br>jbyerly@smitlaw.com<br><br>**ATTORNEY FOR DEFENDANTS COUNTY OF RIVERSIDE (erroneously sued herein as RIVERSIDE COUNTY DISTRICT ATTORNEY'S OFFICE), MICHAEL A. HESTRIN, DA, JOSEPH M. HERNANDEZ, DDA, AND HEATHER D. FERRIS, DDA** |