J S - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:23-cv-00683-SSS-DTBx | Date | February 6, 2025 |
|---|---|---|---|
| Title | *Vasumathi Vijayraghavan v. County of Riverside et al* | | |

Present: The Honorable     SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION [DKT. 109]**

On January 2, 2025, Defendant Katherine Cohan ("Cohan") filed a Motion to Dismiss Plaintiff Vasumathi Vijayraghavan's ("Plaintiff") Second Amended Complaint Pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1) (the "Motion"). [Dkt. 109]. The Motion is fully briefed. [Dkt. 113 (Opp'n), Dkt. 114 (Reply)]. Prior to the Motion, Plaintiff filed a Notice of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1) and dismissed all claims as to Defendants County of Riverside, Riverside Sheriff's Department, Michael A. Hestrin, Heather D. Ferris, Joseph M. Hernandez, and Matthew Orris. [Dkt. 106]. Only the claims as to Cohan and Does 1–100 remain.

In the interests of brevity, the Court will not recite the facts of this case. For a detailed recitation of the facts, please refer to the Second Amended Complaint ("SAC") and the Court's previous orders. [Dkt. 71]. For the reasons articulated below, the Motion is **GRANTED** with prejudice.

## I.    LEGAL STANDARD

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the objection that the federal court has no subject matter jurisdiction over the action. *Shayesteh Soroush et al. v. Antony J. Blinken et al*., 2025 WL 305837, at *3 (C.D. Cal.).  This defect may exist despite the formal sufficiency of the allegations in the complaint.  *T.B. Harms Co. v. Eliscu*, 226 F. Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. *See McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

Once a Rule 12(b)(1) motion has been raised, the burden is on the party asserting jurisdiction. *Sopcak v. N. Mountain Helicopter Serv*., 52 F.3d 817, 818 (9th Cir. 1995); *Ass'n of Am. Med. Coll. v. United States*, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must allege a claim under federal law and that the claim is not frivolous. *See* 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004).

## II.    DISCUSSION

Cohan requests that the Court grant her Motion because Plaintiff's SAC only alleges state law claims against her and does not allege any federal counts which permit the Court to exercise supplemental jurisdiction.  [Motion at 3].  Plaintiff responds by claiming that the 12(b)(1) motion should be denied because it is improper at this stage, the cases Cohan cites do not support her position, and the Court should continue to exercise supplemental jurisdiction over the remaining claims on the grounds of fairness, if nothing else.  [Opp'n at 4–8].

A motion to dismiss based on a lack of subject matter jurisdiction is permitted when any of the four possible elements of 28 U.S.C. §1367(c) is met. *Exec. Software v. U.S. Dist. Court for the Cent. Dist. Of Cal.,* 24 F.3d 1545, 1555–56 (9th Cir. 1994).  28 U.S.C. §1367(c) provides in part that dismissal is proper when the district court dismissed all claims over which it has original jurisdiction. *Id*.  Furthermore, where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice.  *Wade V. Regional Credit Ass'n,* 87 F.3d 1098, 1101 (9th Cir. 1996).  Finally, it stated that as a general rule, courts should not

exercise supplemental jurisdiction over state law claims if all federal claims have been dismissed before trial. *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1208 (C.D. Cal. 2013).

     Here, the dismissal of all defendants, save for Cohan and Does 1–100, has removed all of Plaintiff's federal claims and only her state law claims remain. [*See* Dkt. 106]. Plaintiff is incorrect that the present Motion is improper because a challenge to subject matter jurisdiction can be made at any time. *See Lockard v. Lockard*, 15 F.3d 1086 (9th Cir. 1993) ("A challenge to federal subject matter jurisdiction may be raised at any time during the proceedings."). Moreover, the Court had original jurisdiction over the federal claims but, now that they have been dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law claims against Cohan. *See* 28 U.S.C. §1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if… (3) the district court has dismissed all claims over which it has original jurisdiction…").

## III.   CONCLUSION

     In accordance with the above, Cohan's Motion is hereby **GRANTED. The Court declines supplemental jurisdiction over the remaining state law claims. As such, the matter is DISMISSED.  The Clerk is directed to close the case**. [Dkt. 109].

     **IT IS SO ORDERED.**